UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Harrosh, | No. 2:21-cv-01969-KJM-JDP |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | |
| Tahoe Regional Planning Agency; George and Virginia Johannessen, | |
| Defendants. | |

 Plaintiff Michael Harrosh applies ex parte for a temporary restraining order barring any further construction of a pier off 5568 North Lake Boulevard in Placer County, California. ECF No. 34. Harrosh's counsel has certified in writing that he gave defendants' counsel notice of his client's intent to seek a temporary restraining order. *See* Prows Decl. ¶ 3, ECF No. 34-3. Defendants' counsel also received service of the ex parte application through the court's CM/ECF system.

 A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A

temporary restraining order is an extraordinary remedy, and a plaintiff who requests one must prove that remedy is proper. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

When courts determine whether to issue a temporary restraining order, they rely on the same factors that guide the evaluation of a request for a preliminary injunction: whether the moving party "is likely to succeed on the merits," is "likely to suffer irreparable harm in the absence of preliminary relief," whether "the balance of equities tips in [its] favor," and whether "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

The court has reviewed the ex parte application, the supporting declarations, the complaint, and the parties' briefs in support of and in opposition to the pending motion to dismiss (ECF Nos. 1, 14, 15, 23, 25, 26, 32). Harrosh has shown he is likely to succeed on the merits of his first claim. He also has shown irreparable environmental harms are likely in the absence of a temporary restraining order, and the prospect of those harms outweighs the likely harms caused by pausing the construction of a pier while the court considers whether to impose a preliminary injunction. *See People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Plan. Agency*, 766 F.2d 1319, 1324 (9th Cir.) ("[T]he Compact, which has been adopted as law by the California and Nevada legislatures and by Congress, expresses a legislative judgment that development and urbanization of the Lake Tahoe region pose a threat to the 'irreplaceable' environmental and ecological values of the region."), *amended on other grounds*, 775 F.2d 998 (9th Cir. 1985). In addition, because the construction of a pier has an effect on the broader public interests, rather than only private interests, this court "has greater power to fashion equitable relief." *Id.*

Under Rule 65, "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The purpose of this requirement is to safeguard a defendant if the court later determines a defendant has been wrongfully enjoined. *See Moroccanoil, Inc. v. Zotos Intl., Inc.*, 230 F. Supp. 3d 1161,

1179 (C.D. Cal. 2017) (setting bond at $250,000 based on "tangible costs" defendant would incur due to injunction but not costs it could later recoup or speculative lost profits). The amount of the security required is within the district court's discretion. *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). In this case, the term of the proposed temporary restraining order is short, and the likely harms to defendants are relatively minor; the Johannessens may face higher fees or costs if construction is delayed. A $500 bond suffices in these circumstances.

For these reasons, the court orders as follows:

(1) The Tahoe Regional Planning Agency and George and Virginia Johannessen, and their agents, servants, contractors, employees, and attorneys, and those in active concert or participation with them, are **temporarily restrained and enjoined** from engaging in any further construction of a pier off 5568 North Lake Boulevard in Placer County, California.

(2) The Tahoe Regional Planning Agency and George and Virginia Johannessen are **ordered to show cause in writing by November 1, 2022** why they and their agents, servants, contractors, employees, and attorneys, and those in active concert or participation with them, should not be preliminarily enjoined pending final judgment in this action from any further construction of a pier off 5568 North Lake Boulevard in Placer County, California.

(3) A hearing on a preliminary injunction is **set at 3:00 p.m. on November 8, 2022**.

(4) The above Temporary Restraining Order is effective on plaintiff's filing an undertaking in the sum of $500.

(5) Any party affected by this order has the right to apply to the court for modification or dissolution on two days' notice or such shorter notice as the court may allow.

IT IS SO ORDERED.

DATED: October 25, 2022.

CHIEF UNITED STATES DISTRICT JUDGE