UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Harrosh, | No. 2:21-cv-01969-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Tahoe Regional Planning Agency; George and Virginia Johannessen, | |
| Defendants. | |

In this action, Michael Harrosh challenges the Tahoe Regional Planning Agency's approval of George and Virginia Johannessen's proposal to build a pier on the shore of Lake Tahoe. *See generally* Am. Compl., ECF No. 52. This court has authority to hear that challenge under the terms of the Tahoe Regional Planning Compact, Pub. L. 96-551, 94 Stat. 3233 (Dec. 19, 1980). For an action like this one, "the scope of judicial inquiry shall extend only to whether there was prejudicial abuse of discretion." Compact Art. VI(j)(5). "Prejudicial abuse of discretion is established if the agency has not proceeded in a manner required by law or if the act or decision of the agency was not supported by substantial evidence in light of the whole record." *Id.*

The Agency has submitted copies of the record underlying its decision to approve the Johannessens' pier. *See, e.g.*, Am. AR Index, ECF No. 69. Harrosh argues the Agency has not

1

actually submitted the "whole record" under the terms of the Compact.  *See* Mot. Suppl., at 5–6, ECF No. 84.  The missing records, according to his motion, are about a lottery the Agency conducted to choose who would have a right to submit an application in the first place; the Johannessens had to win that lottery before they could even apply.  *See id.* at 5–6, 8–10.  The Agency and the Johannessens argue the lottery played no role in the decision to approve the pier itself.  *See generally* Opp'n at 5–7, ECF No. 86.  Briefing is now complete, and the court took the matter under submission without hearing oral arguments.  *See generally* Reply, ECF No. 87; Min. Order, ECF No. 88.

The parties both rely on federal decisions interpreting the Administrative Procedure Act to support their positions.  *See* Mot. at 5; Opp'n at 4–5.  The APA applies to federal agencies.  The Tahoe Regional Planning Agency is not a federal agency, so the Compact "provides the applicable standard of review," not the APA.  *Sierra Club v. Tahoe Reg'l Plan. Agency*, 840 F.3d 1106, 1114 (9th Cir. 2016).  But the Compact, like the APA, tasks the court with a review of "the whole record."  *Compare* Compact Art. VI(j)(5) ("Prejudicial abuse of discretion is established . . . if the act or decision of the agency was not supported by substantial evidence in light of the whole record.") *with* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.").  And under both the APA and the Compact, the court is not deciding whether the agency was right or wrong; it is deciding whether the agency strayed beyond the discretion or authority it was given. *Compare* Compact Art. VI(j)(5) ("[T]he scope of judicial inquiry shall extend only to whether there was prejudicial abuse of discretion.") *with* 5 U.S.C. § 706(2)(A) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . an abuse of discretion . . . .").

In APA cases, these limits constrain the court's review to "the agency's contemporaneous explanation in light of the existing administrative record."  *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019).  So when plaintiffs urge courts to go beyond that record, courts ordinarily forbear.  *See, e.g.*, *Goffney v. Becerra*, 995 F.3d 737, 747–48 (9th Cir.), *cert. denied*, 142 S. Ct. 589 (2021).  Only a few narrow and exceptional circumstances can justify a broader investigation

of evidence. For example, a plaintiff can show the agency acted in bad faith. *See, e.g.*, *Dep't of Com.*, 139 S. Ct. at 2573. Or a plaintiff can explain that in reality, the agency considered more evidence than it admits. *See, e.g.*, *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 556 (9th Cir. 1989). But a plaintiff must cite "clear evidence" to support such a request. *Goffney*, 995 F.3d at 748. Speculation does not suffice. *Id.* Because the standards imposed by the APA and the Compact align so closely in this case, these exceptions and the cases interpreting them are useful by way of analogy. The court will consider them, as the parties propose.

Harrosh argues his motion to expand the record fits one of the traditional exceptions recognized in APA cases: if an agency considered documents or other evidence it did not submit to the court, then the court may supplement the record with the missing materials. *See* Mot. at 7–8 (citing *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993)). As summarized above, Harrosh claims the Agency omitted information about the preliminary lottery through which the Johannessens obtained their right to apply for a pier permit. But Harrosh's claims against the Agency are unrelated to that lottery. He has not alleged, for example, there was some problem with the lottery or the Agency had no authority to conduct a lottery. He instead targets the Agency's decision to approve the Johannessens' application after the lottery ended. *See, e.g.*, First Am. Compl. ¶¶ 109–10 (alleging decision was approved with fewer votes than Compact requires); *id.* ¶ 111 (alleging delegation of authority to hearings officer violated Compact). Harrosh has not cited clear evidence showing the Agency considered the lottery when it made the decision he now challenges. The court declines to look beyond the existing administrative record in ultimately deciding the merits of this action.

The motion to supplement the administrative record (ECF No. 84) is **denied**.

IT IS SO ORDERED.

DATED: April 4, 2023.

CHIEF UNITED STATES DISTRICT JUDGE