UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Harrosh,<br><br>               Plaintiff,<br><br>     v.<br><br>Tahoe Regional Planning Agency, et al.,<br><br>               Defendants. | No. 2:21-cv-01969-KJM-JDP<br><br>ORDER |

     In their pending cross-motions for summary judgment, the parties advance competing interpretations of the Tahoe Regional Planning Compact between Nevada and California approved by Congress under the Compacts Clause. Plaintiff Michael Harrosh contends the Tahoe Regional Planning Compact unambiguously requires five affirmative votes by the California delegation of the Tahoe Regional Planning Agency's governing board to approve all projects. Pl.'s Mot. Summ. J. at 6, ECF No. 95. The Tahoe Regional Planning Agency denies its governing board must approve all projects by affirmative vote; it has long delegated approval decisions out of necessity, and it argues California and Nevada have consented to the delegation of project approvals. Agency Mot. at 14–15, 19–21, ECF No. 96. Neither California nor Nevada is a party. The parties are directed to file simultaneous supplemental briefs addressing the following questions on joinder under Federal Rule of Civil Procedure 19:

1. Does the conflict above make Nevada and California or any of their subdivisions, agencies or officers necessary parties who must be joined under Rule 19(a)(1)? In their responses to this question, the parties should address whether California and Nevada must be joined because "a district court cannot adjudicate an attack on the terms of a negotiated agreement without jurisdiction over the parties to that agreement." *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999); *see also, e.g.*, *Tarrant Reg'l Water Dist. v. Herrmann*, 569 U.S. 614, 628 (2013) ("Interstate compacts are construed as contracts under the principles of contract law.").

2. Does the Tahoe Regional Planning Agency adequately represent the interests of Nevada and California and their subdivisions, agencies and officers in this action such that their joinder is not necessary? *See, e.g.*, *Alto v. Black*, 738 F.3d 1111, 1127–29 (9th Cir. 2013) (listing and weighing relevant factors); *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1180–81 (9th Cir. 2012) (same). In their responses to this question, the parties should address whether past conflicts between the Tahoe Regional Planning Agency and the states show the Agency's interests may not be aligned with those of Nevada, California or their subdivisions, agencies and officers. *Cf., e.g.*, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 309 (2002) (noting California's previous dissatisfaction with the Agency); *Sierra Club v. Tahoe Reg'l Plan. Agency*, 840 F.3d 1106, 1111 (9th Cir. 2016) (summarizing the California Attorney General's past "concerns about delegation of project approval via Area Plans," among other things).

3. Can the court order the joinder of Nevada and California or any of their subdivisions, agencies or officers under Rule 19(a)(2)?

4. Assuming Nevada and California or their subdivisions, agencies or officers are necessary parties who cannot be joined, how should the court consider the factors listed in Rule 19(b)(1)–(4)?

The parties' simultaneous supplemental briefs must be filed **within fourteen days** and must not exceed ten pages.

IT IS SO ORDERED.

DATED: September 6, 2023.

CHIEF UNITED STATES DISTRICT JUDGE