UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Harrosh, | No. 2:21-cv-01969-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Tahoe Regional Planning Agency; George and Virginia Johannessen, | |
| Defendants. | |

Plaintiff Michael Harrosh and defendants George and Virginia Johannessen contend they are all entitled to an award of the costs they incurred in this action. *See* Johannessens' Bill of Costs, ECF No. 119; Harrosh Bill of Costs, ECF No. 120; *see also* Johannessens' Objections, ECF No. 122; Harrosh Objections, ECF No. 123; Johannessens' Resp., ECF No. 124. The remaining defendant, the Tahoe Regional Planning Agency, does not seek an award of any costs and has taken no position in the costs dispute.

"Unless a federal statute, these rules," i.e., the Federal Rules of Civil Procedure, "or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Harrosh contends he prevailed in this matter; the Johannessens contend they prevailed.

1

1    The phrase "prevailing party," as used in Rule 54 and several federal statutes, is "a legal
2 term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
3 532 U.S. 598, 603 (2001). It refers to the "party in whose favor a judgment is rendered," the
4 party "who has been awarded some relief by the court." *Id.* (citation omitted). "The form in
5 which the relief comes is less important than that it be the relief the plaintiff sued to get."
6 *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir.
7 2009).

8    By this definition, the Johannessens and Harrosh all prevailed—partially. In Harrosh's
9 first claim, he sought among other things a court order declaring that the Tahoe Regional
10 Planning Agency's vote approving the Johannessens' pier permit application fell short of the
11 relevant legal requirements. *See* First Am. Compl. at 23 (prayer for relief); *see also, e.g.*, *id.*
12 ¶¶ 99–102, 118 (seeking a judicial declaration). The court agreed "the vote was not effective to
13 approve the Johannessens' pier." Order (Apr. 16, 2025) at 1, ECF No. 118. In this sense,
14 Harrosh prevailed. But in most other respects, the Johannessens obtained a more favorable
15 judgment. The court granted their motion for summary judgment of Harrosh's second and third
16 claims, and he dismissed his fourth claim voluntarily. *See id.* at 8, 31–32. The court also denied
17 Harrosh's request for an order declaring the permit application "rejected." Harrosh Reply at 16,
18 ECF No. 101. Instead, the court remanded the matter to the Tahoe Regional Planning Agency
19 for another vote on the disputed permit application. *See* Order (Apr. 16, 2025) at 29–31.
20 Harrosh argued "a potential re-vote" would violate the law; the court disagreed. *See id.* at 30.
21 This meant the pier permit application had effectively been neither approved nor rejected. *See id.*
22 And so, although the Johannessens and Harrosh all have "prevailed" in one sense or in parts of
23 the case, they have each also failed to achieve their objectives in meaningful ways.

24    Rule 54 gives district courts discretion to allocate costs equitably among the parties when,
25 as in this case, it cannot fairly be said that any one party is the sole prevailing party. *See, e.g.*,
26 *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018) (affirming district court order allocating
27 costs by claims and party and awarding netted sums); *C & E Servs., Inc. v. Ashland Inc.*,

1    601 F. Supp. 2d 262, 280 (D.D.C. 2009) (awarding no costs because plaintiffs and defendants
2    alike were "arguably entitled to costs on the claims that they successfully pursued or defended").
3    It will be most equitable here for Harrosh and the Johannessens to share equally the burden of any
4    costs that can be properly awarded under Rule 54.

5    Harrosh seeks an award of $402 in fees paid to the Clerk's Office. *See* Harrosh Bill of
6    Costs, ECF No. 120. "Fees of the clerk" can be awarded under Rule 54. *See* 28 U.S.C.
7    § 1920(1). Harrosh and the Johannessens will split the $402 equally.

8    The Johannessens seek a much larger award of $28,117.12. *See* Johannessens Bill of
9    Costs at 1, ECF No. 119. They paid this sum to the Tahoe Regional Planning Agency to prepare
10   the administrative record for this case. *See id.* at 3–37 (fee itemization). Harrosh argues almost
11   none of that sum can be awarded under Rule 54 because it was compensation for "non-taxable
12   intellectual labor" by attorneys, such as consulting with clients and reviewing documents for
13   privilege. *See* Harrosh Obj. at 3–4. The Johannessens disagree. They argue courts have
14   "routinely" awarded litigants the costs they have incurred compiling an administrative record,
15   including in cases like this one. Johannessens' Resp. at 3.

16   Courts within this district and elsewhere have decided the costs of compiling, copying and
17   digitizing administrative records can be paid to prevailing parties under Rule 54, including in
18   disputes about actions by the Tahoe Regional Planning Agency, as this case was. *See, e.g.*, *Sierra*
19   *Club v. Tahoe Reg'l Plan. Agency*, No. 13-00267, 2014 WL 3778274, at *4–5 (E.D. Cal. July 30,
20   2014); *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, No. 09-478, 2012 WL 3206412,
21   at *2 (D. Nev. Aug. 3, 2012). These costs can also be large, even in the tens of thousands of
22   dollars, depending on the size and complexity of the record. *See, e.g.*, *Sierra Club*, 2014 WL
23   3778274, at *4–5 (awarding more than $50,000 in costs "[f]or the considerable task of compiling
24   and copying the 150,000 page record"). But district courts also have taken care not to
25   compensate "intellectual effort" by attorneys as "costs." *See Sierra Club*, 2014 WL 3778274, at
26   *5; *League to Save Lake Tahoe*, 2012 WL 3206412, at *1–2. For example, costs for tasks like
27   "exemplification and copying" can properly be awarded to a prevailing party under Rule 54, but

money paid for "the intellectual effort involved" in those tasks is not a "cost." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (citation and quotation marks omitted).

The Johannessens itemized the costs they paid to the Tahoe Regional Planning Agency to prepare and file the administrative record in this case. *See* Johannessens Bill of Costs at 3–37. The administrative record was not small, more than 2,500 pages long, and it included a number of digital files, such as recordings and presentations, which took time and effort to collect, organize and prepare. The court has considered each entry on the itemized list and has excluded all costs incurred for intellectual efforts, such as reviewing documents for privilege and preparing legal arguments and briefs. *See, e.g., id.* at 31 (recording an attorney's time on February 23, 2023). To ensure no improper attorneys' fees are awarded, the court also has excluded all mixed entries, i.e., entries on the list that blend proper and improper costs requests. For example, the court has excluded an entry from January 11, 2022, which documented both time spent on a privilege log and time devoted to removing duplicate files from the record, among other tasks. *See id.* at 8. Money the Johannessens paid for the remaining tasks—such as collecting documents, converting them to useable digital formats, organizing and indexing them, applying page numbers to them, and serving and filing the completed record—are proper "costs" that can be awarded to prevailing parties under Rule 54. *See, e.g., Conservation Cong. v. U.S. Forest Serv.*, No. 12-02800, 2014 WL 6612088, at *2 (E.D. Cal. Nov. 20, 2014) (awarding costs for similar tasks).

The excluded expenses total $9,961.50. Subtracting those excluded expenses from the Johannessens' total cost request yields $18,155.62. This is a large but not unreasonable sum given the size and nature of the administrative record.[1] Harrosh and the Johannessens will split that amount equally.

/////

---

[1] Harrosh does not challenge the recorded hourly rates. The court has not undertaken a review of the hourly rates on its own motion because the total requested costs are reasonable after the deductions applied above.

1   In total, the court awards Harrosh $201 (half of his permissible costs), and awards the
2 Johannessens $9,077.81 (half of their permissible costs).  Netting these sums, the court awards
3 the Johannessens $8,876.81 in costs under Rule 54(d)(1).
4   IT IS SO ORDERED.
5 DATED: May 27, 2025.

  _____
  SENIOR UNITED STATES DISTRICT JUDGE